# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COLUMBIA

| | | |
|---|---|---|
| **COREY TAYLOR** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:24-cv-00052** |
| | ) | |
| **SEBASTIAN BULLARD** | ) | |

**TO:   Honorable Eli Richardson, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

This prisoner civil right action was referred to the Magistrate Judge for pretrial proceedings.  *See* Order entered July 29, 2024 (Docket Entry No. 8).  Pending before the Court is the motion for judgment on the pleadings (Docket Entry No. 19) filed by Defendant Sebastian Bullard. Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **DENIED**.

## I.  BACKGROUND

Corey Taylor ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee.  He filed this lawsuit *pro se* and *in forma pauperis* on May 16, 2024, seeking various forms of relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Turney Center.  *See* Complaint (Docket Entry No. 1).  Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated a colorable constitutional claim against a single Defendant, Sebastian Bullard, based on Plaintiff's allegations that Bullard had retaliated against Plaintiff because Plaintiff

pursued a prison grievance against Bullard. Bullard has filed an answer (Docket Entry No. 13) to the complaint, and a scheduling order has been entered in the case (Docket Entry No. 18), setting out deadlines for pretrial proceedings. A trial date has not been set in the case, pending completion of the pretrial proceedings.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS AND REPONSE

Defendant Bullard requests that the Court dismiss this case without prejudice and tax court costs to Plaintiff. *See* Memorandum in Support (Docket Entry No. 20) at 4. Although styled as a motion for judgment on the pleadings, the sole basis for the motion is that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), applies to Plaintiff's lawsuit because Plaintiff had three prior cases that qualified as strikes at the time the lawsuit was filed and because there were no allegations that he was under imminent danger of serious physical injury. *Id*. at 1-4. Defendant Bullard argues that Plaintiff should therefore not have been permitted to bring the lawsuit *in forma pauperis* and should have been required to pay the full civil filing fee in order for the lawsuit to proceed. *Id*. Defendant Bullard points to the following three federal lawsuits filed by Plaintiff that Bullard argues are "strikes" under Section 1915(g) because the lawsuits were dismissed for failure to state a claim upon which relief can be granted:

1. *Taylor, Corey D. v. Al White, et al.*, Case No. 1:17-cv-05632, N.D. Ill., dismissed for failure to state a claim on October 6, 2017;

2. *Taylor, Corey D. v. David L. Hoven, et al.*, Case No. 4:18-cv-00610-ACL, E.D.Mo., dismissed on May 8, 2018, for failure to state a claim; and,

3. *Taylor v. Franklin County Jail, et al.*, Case No. 4:18-cv-00600, E.D. Mo., dismissed on May 8, 2018, for failure to state a claim.[1]

Plaintiff responds in opposition to the motion, arguing that the "three strikes" provision does not apply and that he has stated claims for relief that should proceed for further development.  *See* Response (Docket Entry No. 22).

## III.  LEGAL STANDARDS AND ANALYSIS

### A. Section 1915(g)

The "three strikes" provision of the PLRA provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As succinctly explained by the Sixth Circuit Court of Appeals in *Crump v. Blue*,

> [a]nyone who files a lawsuit in federal court presumptively must pay a filing fee. *See* 28 U.S.C. § 1914(a). And anyone who cannot pay the fee may ask to proceed "in forma pauperis," a status that allows the litigant to pay the fee over time or sometimes not at all. *See id*. § 1915(a)–(b). Under the Prison Litigation Reform Act, prisoners may lose this privilege. They must pay the fee upfront if courts have dismissed three or more of their prior "action[s] or appeal[s]" as "frivolous, malicious, or [for] fail[ing] to state a claim." *Id*. § 1915(g). Prisoners "under imminent danger of serious physical injury" are exempt from this three-strikes rule. *Id*.

121 F.4th, 1108, 1110 (6th Cir. 2024).

---

[1] Although Defendant Bullard asserts that he attaches to his motion three exhibits that consist of the docket sheets and orders of dismissal for the three cases, *see* Docket Entry No. 20 at 1-2, no exhibits are attached to the motion.

## B. Merits of the Motion for Judgment on the Pleadings

The motion for judgment on the pleading filed by Defendant Bullard mirrors motions to dismiss that have been filed in other lawsuits that Plaintiff currently has pending in this Court. Indeed, the same "three strikes" argument that is raised in the instant motion was recently raised in *Taylor v. Byers*, Case No. 3:22-cv-00689. *See* Motion to Dismiss in Case No 3:22-cv-00689 (Docket Entry Nos. 94 and 95). Both motions rely upon the same three cases that were filed by Plaintiff, which were dismissed.

The "three strikes" argument and the motion to dismiss filed in *Taylor v. Byers* was recently denied by the Honorable William L. Campbell, Jr. *See* Orders entered in Case No. 3:22-cv-00689 on January 27, 2025 (Docket Entry No. 107), and January 29, 2025 (Docket Entry No. 110). Judge Campbell specifically addressed and rejected the argument that *Taylor v. White*, No. 1:17-cv-05632 (N.D. Ill. 2017), qualifies as a "strike" under Section 1915(g), stating:

> The dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the PLRA's three-strikes rule "regardless of the decision's prejudicial effect." *Lomax v. OrtizMarquez*, 140 S. Ct. 1721, 1724-25 (2020). However, Section 1915(g) "does not apply when a court gives a plaintiff leave to amend his complaint[.]" *Id*. at 1724 n.4. It also does not apply when a court dismisses an action in part on the immunity of a defendant. *Crump v. Blue*, 121 F.4th 1108, 1110-14 (6th Cir. 2024) (holding Eleventh Amendment immunity dismissal "does not by its terms count as a frivolous or malicious action" nor does it count as a failure to state a claim.).
>
> In *Taylor v. White*, the district court determined one of the defendants (the Chairperson of the Illinois Prisoner Review Board) was entitled to quasi-judicial immunity from Taylor's suit for damages and that the complaint failed to state a claim against the two other defendants. (Doc. No. 94-1 at PageID # 381-85; *see also* Doc. No. 5 in case no. 1:17-cv-05632 (N.D. Ill. 2017)). The district court dismissed the complaint without prejudice and granted Taylor leave to file an amended complaint. (*See id*.). The court did not make any finding that Taylor frivolously or maliciously ignored an immunity defense. (*See id*.). After Taylor failed to submit an amended complaint in accordance with the court's instructions, the court terminated the case under Federal Rule of Civil Procedure 41(b). (*Id*.).

4

Because the district court in *White v. Taylor* dismissed the complaint in part on the immunity of a defendant and granted Taylor leave to file an amended complaint, that dismissal does not count as a strike. *Crump v. Blue*, 121 F.4th 1108, 1110-14 (6th Cir. 2024); *Lomax v. OrtizMarquez*, 140 S. Ct. 1721, 1724 n.4 (2020).

*See* January 29, 2025, Order in Case No. 3:22-cv-00689 (Docket Entry No. 110) at 2.

While the determination and rejection of the "three strikes" dismissal argument in *Taylor v. Byers* is not binding in the instant case, there is no apparent reason why the analysis and conclusion reached in *Taylor v. Byers* should not apply as equally here. Because the prior dismissal of *Taylor v. White* does not qualify a strike under Section 1915(g), the foundation for Defendant Bullard's dismissal argument crumbles because Bullard cannot show that Plaintiff had three prior cases that qualified as strikes at the time the instant case was permitted to proceed *in forma pauperis*.[2]

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for judgment on the pleadings (Docket Entry No. 19) filed by Defendant Sebastian Bullard be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified

---

2 The Court notes that, in another of Plaintiff's pending lawsuits in this Court, *Taylor v. Brun et al*, Case No. 1:23-cv-00087, the Court has recently addressed a motion to dismiss that raised the same three strikes argument that is raised in the instant motion and has likewise recommended that the motion be denied. *See* Report and Recommendation entered March 3, 2025 (Docket Entry No. 27) in *Taylor v. Brun et al*.

5

time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge