IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| COREY TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:24-cv-00052 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| SEBASTIAN BULLARD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 24, "R&R") of the Magistrate Judge, which recommends that the Court deny the motion for judgment on the pleadings (Doc. No. 19), filed (through counsel) by Sebastian Bullard, the sole remaining Defendant. No objections to the R&R have been filed, and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Corey Taylor ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on May 16, 2024, seeking various forms of relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Turney Center. *See* Complaint (Docket Entry No. 1). Upon initial review of the complaint

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on March 12, 2025 and, as of April 10, 2025, no objections have been filed. Accordingly, the fourteen day window has passed.

> pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated a colorable constitutional claim against a single Defendant, Sebastian Bullard, based on Plaintiff's allegations that Bullard had retaliated against Plaintiff because Plaintiff pursued a prison grievance against Bullard. Bullard has filed an answer (Docket Entry No. 13) to the complaint, and a scheduling order has been entered in the case (Docket Entry No. 18), setting out deadlines for pretrial proceedings. A trial date has not been set in the case, pending completion of the pretrial proceedings . . .
>
> Defendant Bullard requests that the Court dismiss this case without prejudice and tax court costs to Plaintiff. *See* Memorandum in Support (Docket Entry No. 20) at 4. Although styled as a motion for judgment on the pleadings, the sole basis for the motion is that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), applies to Plaintiff's lawsuit because Plaintiff had three prior cases that qualified as strikes at the time the lawsuit was filed and because there were no allegations that he was under imminent danger of serious physical injury. *Id.* at 1-4. Defendant Bullard argues that Plaintiff should therefore not have been permitted to bring the lawsuit *in forma pauperis* and should have been required to pay the full civil filing fee in order for the lawsuit to proceed. *Id*. Defendant Bullard points to the following three federal lawsuits filed by Plaintiff that Bullard argues are "strikes" under Section 1915(g) because the lawsuits were dismissed for failure to state a claim upon which relief can be granted:
>
> 1. *Taylor, Corey D. v. Al White, et al.*, Case No. 1:17-cv-05632, N.D. Ill., dismissed for failure to state a claim on October 6, 2017;
>
> 2. *Taylor, Corey D. v. David L. Hoven, et al.*, Case No. 4:18-cv-00610-ACL, E.D. Mo., dismissed on May 8, 2018, for failure to state a claim; and,
>
> 3. *Taylor v. Franklin County Jail, et al.*, Case No. 4:18-cv-00600, E.D. Mo., dismissed on May 8, 2018, for failure to state a claim.
>
> Plaintiff responds in opposition to the motion, arguing that the "three strikes" provision does not apply and that he has stated claims for relief that should proceed for further development. *See* Response (Docket Entry No. 22).

(Doc. No. 24 at 1-3) (footnotes omitted). The Magistrate Judge ultimately concluded that Defendant's motion for judgment on the pleadings should be denied. Essential to her reasoning was that "the prior dismissal of *Taylor v. White* does not qualify a[s] a strike under Section 1915(g)" and that therefore Defendant's "three strikes" argument was not well founded. (*Id.* at 5).

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No.

3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 24) is adopted and approved. Accordingly, Defendant's motion for judgment on the pleadings (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE