IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| COREY TAYLOR, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | NO. 1:24-cv-00052 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| SEBASTIAN BULLARD, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 47, "R&R") of the Magistrate Judge, which recommends that the Court grant the motion for summary judgment (Doc. No. 28, "Motion") filed by Defendant,[2] Sebastian Bullard. (Doc. No. 47 at 1). No objections to the R&R have been filed and the time for filing objections has now expired.[3]

Absent any objection to the background and relevant facts (regarding underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background and those relevant facts in their entirety and includes it here for reference.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] One other party, Kenneth Smith, was previously a defendant in his action. Kenneth Smith was dismissed as a defendant in this action via an order (Doc. No. 8) issued on July 29, 2024. Thus, Sebastian Bullard is the sole remaining non-terminated defendant in this action, and accordingly Court will refer to Sebastian Bullard as "Defendant," herein.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on February 13, 2026, and as of March 5, 2026, Plaintiff has not filed any objections.

Corey Taylor ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis* on May 16, 2024, seeking various forms of relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Turney Center in April-May 2024. *See* Complaint (Docket Entry No. 1).

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated a colorable First Amendment claim against Sebastian Bullard ("Defendant"), a correctional officer at the Turney Center, based on Plaintiff's allegations that Defendant retaliated against Plaintiff for pursuing a prison grievance. *See* Memorandum Opinion and Order at 5-6. Plaintiff's claims against another correctional officer were dismissed upon initial review. *Id.* at 6-7.

After Defendant Bullard filed an answer (Docket Entry No. 13), a scheduling order was entered that provided for a period of pretrial activity in the case, including a period for discovery. All scheduling order deadlines have now expired. A trial date has not been set in the case pending resolution of the motion for summary judgment.

* * *

Plaintiff generally alleges that Defendant often doesn't follow prison policy and unnecessarily antagonizes inmates, particularly inmates who are Muslims, by speaking to them in a hostile and demeaning manner, by "repeatedly" searching their cells, and by "taking items such as pens and toilet paper" from inmates' cells. *See* Amended Complaint at 2.

The events at issue in the case, however, involve a small number of interactions between Plaintiff and Defendant that took place over the span of a week in April 2024. During the evening of April 24, 2024, Plaintiff was in the cell of another inmate when Defendant came to the cell and told Plaintiff that he needed to leave the cell. Plaintiff alleges that the other inmate was a Muslim Imam and that he and Plaintiff were privately speaking about a death that had occurred in Plaintiff's family. Plaintiff objected to how Defendant spoke to him and filed a prison grievance against Defendant for "staff misconduct malfeasance" based on the incident. *See* Grievance #365590/24-161, dated April 24, 2024 (Docket Entry No. 28-3 at 19-20). In the grievance, Plaintiff asserted that Defendant "got smart" during the incident and spoke in an ill-mannered, hostile, and rude way, and that Defendant's behavior did not comport with TDOC policy, ABA and ACA standards and "all that the TDOC stands for in rehabilitation, respect, dignity, and humane welfare of the incarcerated." *Id.* Although the grievance was directed at only the incident between Plaintiff and Defendant in the cell, Plaintiff had 13 other inmates sign the grievance and asserted that the "treatment that I speak of" has also happened to these other inmates. *Id.* at 20. In his grievance, Plaintiff requested that

Defendant not be allowed to continue to perform his duties. *Id.* Plaintiff alleges that he told another staff member, Sgt. Ricketts, about Defendant's conduct and about the grievance and that Ricketts agreed with Plaintiff that Defendant's conduct was wrong.

Plaintiff alleges that five days later, on April 29, 2024, Defendant engaged in acts of harassment against him because of the grievance. Plaintiff alleges that Defendant again told Plaintiff to leave the cell of another inmate and also cursed at Plaintiff. Plaintiff alleges that when he went to lunch that day, Defendant searched him despite Plaintiff having already walked through a metal detector and said to him "I am [going to] show you how to fuck with me." *See* Complaint at 2. Plaintiff alleges that he reported both incidents to Sgt. Ricketts, who said that he had spoken to Defendant.

Defendant then came to Plaintiff's cell a few hours later and ordered Plaintiff to step out while his cell was searched. Plaintiff contends that this was harassment because the cells in the housing unit had already undergone cell inspections that day. Unpleasantries between the men were exchanged, and Plaintiff alleges that Defendant told him word to the effect of "you want to fuck with me so I am [going to] fuck with you." *Id.* Plaintiff states that he initially refused to leave his cell unless Defendant called for a sergeant but that he ultimately stepped out of his cell while Defendant searched the cell and removed red pens from the cell. Plaintiff alleges that Sgt. Smith eventually arrived at the cell, at which time Plaintiff recounted his recent history of problems with Defendant but that Smith, while agreeing with Plaintiff that Defendant was wrong, nonetheless escorted Plaintiff to segregation because Defendant had reported that Plaintiff had threatened to "kick [Defendant's] ass." *Id.* at 2-3. That evening, Defendant issued a disciplinary report to Plaintiff for the disciplinary offense of threatening an employee based on Defendant's allegation that Plaintiff stated that he was "going to kick your ass" during the cell search. *See* Docket Entry No. 1-1 at 2–4.

Plaintiff pled guilty to the charge on May 2, 2024, but alleges that he was advised to do so by his inmate advisor so that he would avoid additional time in segregation that would accompany being found guilty of the charge after a hearing and that he "was forced to sign the charge under duress and intimidation." *See* Amended Complaint at 3. Plaintiff asserts that he was scheduled to be released from segregation on May 8, three days after the date his Complaint was signed.

(Doc. No. 47 at 1-4 (footnotes omitted)). The Magistrate Judge concluded that the Motion should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 47) is adopted and approved. Accordingly, the Motion (Doc. No. 28) is **GRANTED**, and Defendant is granted summary judgment. The Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE